# United States Court of Appeals
## For the First Circuit

---

No. 13-1419

ATHANASIOS VALSAMIS,

Plaintiff, Appellant,

v.

NÉSTOR GONZÁLEZ-ROMERO,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

---

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

---

Sadi R. Antonmattei-Goitia and Law Offices of Sadi R. Antonmattei on brief for appellant.
Carlos E. Bayron and Bayron Law Offices, PSC on brief for appellee.

---

April 4, 2014

---

**SELYA, Circuit Judge.** In one of Shakespeare's most celebrated works, Polonius famously tells Laertes: "Neither a borrower nor a lender be." William Shakespeare, Hamlet act 1, sc. 3 (circa 1603). This case reaffirms the wisdom of that admonition. The tale follows.

Many of the relevant facts are uncontroversial. It is undisputed that Néstor González-Romero (González), a citizen and resident of Puerto Rico, approached his erstwhile friend, Athanasios Valsamis, in search of a large loan. Valsamis, a citizen and resident of Greece, entertained González's request and proffered a $700,000 loan. The loan was never repaid and is in default.

It is also undisputed that Valsamis's loan was not evidenced by even a single scrap of paper. There was no promissory note, no payment schedule, no statement of terms, no guaranty, and no signed receipt for the funds. The lack of any discernible paper trail teed up the central issue in the case: who was the borrower? González says that the loan was made to Caribbean Carrier Holding (Panama), Inc., a corporation that has since gone bankrupt.[1] Valsamis says that the loan was made to González personally.

When the parties could not resolve their disagreement over the identity of the borrower, Valsamis sued. He invoked

---

[1] The record reflects that the loan amount was deposited electronically into an account under the name of "Priority Ro Ro Services, Inc. DBA Caribbean Carrier Holding."

diversity jurisdiction, see 28 U.S.C. § 1332(a), and brought a collection action against González in the United States District Court for the District of Puerto Rico. González filed an answer in which he denied any responsibility for the loan. Neither party demanded a jury trial and, after discovery closed, the case was tried to the court. In a bench decision, the district judge ruled that Valsamis had not sustained his burden of proof and, accordingly, entered judgment for González. This timely appeal followed.

Valsamis advances two assignments of error. First, he asseverates that the district judge failed to adhere to the dictates of Federal Rule of Civil Procedure 52(a)(1). Second, he asseverates that the district judge applied the wrong substantive law standard in adjudicating his claim. We address these asseverations separately.

Federal Rule of Civil Procedure 52(a)(1) provides in pertinent part:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.

Fed. R. Civ. P. 52(a)(1). Valsamis contends that the district judge failed to make the findings and conclusions prescribed by this rule. Valsamis's contention lacks force.

-3-

Rule 52(a)(1) is designed to ensure not only that the parties are adequately apprised of the district court's findings and rationale but also that a reviewing court will thereafter be able to evaluate the bona fides of the district court's decision. See Reich v. Newspapers of New England, 44 F.3d 1060, 1079 (1st Cir. 1995); In re Las Colinas, Inc., 426 F.2d 1005, 1008 (1st Cir. 1970). However, this rule is not meant to be applied mechanically. "[F]indings are sufficient so long as they 'indicate the factual basis for the ultimate conclusion.'" Reich, 44 F.3d at 1079 (quoting Kelley v. Everglades Drainage Dist., 319 U.S. 415, 422 (1943) (per curiam)). In other words, so long as the district court's decision contains sufficient findings and reasoning to make plain the basis for its disposition of the case, any technical noncompliance with Rule 52(a)(1) is cured. See id.; Applewood Landscape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1503-04 (1st Cir. 1989).

The short of it is that here, as elsewhere in the law, substance trumps form. Substantial compliance is all that is needed to satisfy Rule 52(a)(1). Here, the district judge's bench decision adequately conveyed both his assessment of the facts and the rationale for his decision. Thus, the judge substantially complied with the requirements of the rule. No more is exigible.

This brings us to Valsamis's second assignment of error: his plaint that the district judge applied an incorrect legal

standard.  Inasmuch as this is a diversity case, Puerto Rico law supplies the substantive rules of decision.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).  With respect to actions for the collection of debts, Puerto Rico law is conventional: the putative creditor must show that money is due and owing and that the putative debtor is the responsible party.  See Gen. Elec. Credit and Leasing Corp. v. Concessionaires, Inc., 18 P.R. Offic. Trans. 38, 52 (P.R. 1986); see also P.R. Laws Ann. tit. 31 §§ 3371, 3391.  The burden of proof rests with the putative creditor.  See P.R. Laws Ann. tit. 31 § 3261.

Valsamis's argument confuses the district judge's observations about the evidence with the judge's application of the law.  The bench decision makes pellucid that the judge understood and applied the correct legal standard.  The judge was careful to note that this case involved sharply conflicting testimony; in his words, it was a "he said, he said" situation.  Thus, the judge pegged his decision squarely on a conclusion that Valsamis had failed to carry the devoir of persuasion as to the identity of the borrower.

In reaching this conclusion, the judge noted that Valsamis had the burden of proving the crucial fact (the identity of the borrower) by a preponderance of the evidence.  This is unarguably the appropriate quantum of proof under Puerto Rico law.

See <u>Rosario</u> v. <u>P.R. Land Auth.</u>, 97 D.P.R. 324, 329, 97 P.R.R. 316, 321 (P.R. 1969); <u>Irizarry</u> v. <u>Trujillo, Mercado & Co.</u>, 16 D.P.R. 20, 24, 16 P.R.R. 19, 52 (P.R. 1916).

To say more on this point would be to paint the lily. Fairly read, the district judge's decision evinces no misapprehension about the proper legal standard.

We need go no further. For the reasons elucidated above, the judgment appealed from is

**Affirmed.**